FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2022 AUG 10 PM 2: 48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:22-cr-123-CEM-DCI
                                            18 U.S.C. § 1349
                                            18 U.S.C. § 1346

MICHAEL COURTNEY SHIRLEY

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Commit Honest Services Fraud)

#### A.    Introduction

At times material to this Indictment:

1.    The defendant, MICHAEL COURTNEY SHIRLEY ("SHIRLEY"), was a resident of the Middle District of Florida who was hired in or about January 2017, by a local governmental agency of Seminole County, Florida (hereinafter the "Governmental Agency") as a consultant. SHIRLEY also operated a business called Praetorian.

2.    In or about January 2017, an elected official (hereinafter the "Public Official") assumed office at the governmental agency.

3.    In or about January 2017, Praetorian entered into a contract to provide consulting services to the Governmental Agency.  SHIRLEY signed the contract on behalf of Praetorian.  The Public Official signed the contract on behalf of the

Governmental Agency and was the official from the Governmental Agency who decided to enter into the contract.

## B. Conspiracy

4.      Beginning on a date unknown to the Grand Jury, but beginning at least by in or about January 2017, and continuing thereafter through and including in or about 2019, in the Middle District of Florida, and elsewhere, the defendant,

### MICHAEL COURTNEY SHIRLEY,

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit wire fraud and honest services fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

## C. Manner and Means

5.      The manner and means of the conspiracy included the following:

a.      It was part of the conspiracy that MICHAEL COURTNEY SHIRLEY and Praetorian would and did enter into a contract to provide goods and services to the Governmental Agency that was signed by the Public Official on behalf of the Governmental Agency.

b.      It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY and Praetorian would and did submit invoices to the Governmental Agency that included prices for goods and services that were inflated to enrich MICHAEL COURTNEY SHIRLEY and Praetorian and to defraud the Governmental Agency.

2

c.      It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did agree to pay bribes and kickbacks to the Public Official in exchange for receiving favorable official action by the Public Official.

d.      It was a further part of the conspiracy that the Public Official would and did provide favorable official action as requested and as opportunities arose, including by employing MICHAEL COURTNEY SHIRLEY and Praetorian and by causing MICHAEL COURTNEY SHIRLEY and Praetorian to be paid, including for the inflated invoices that Shirley and Praetorian submitted.

e.      It was a further part of the conspiracy that a co-conspirator (hereinafter the "Co-Conspirator") would and did agree to serve as the intermediary between MICHAEL COURTNEY SHIRLEY and the Public Official for a bribe and kickback.

f.      It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did withdraw cash from a bank in the Middle District of Florida.

g.      It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did provide the cash to the Co-Conspirator in the Middle District of Florida.

h.      It was a further part of the conspiracy that the Co-Conspirator would and did deliver the cash to the Public Official in the Middle District of Florida.

i.      It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did attempt to conceal the fraudulent nature of

3

the transaction by devising a false cover story that the cash that MICHAEL COURTNEY SHIRLEY provided to his Co-Conspirator was for the purchase of a portion of the Co-Conspirator's business, when, in truth and in fact, as MICHAEL COURTNEY SHIRLEY and the Co-Conspirator then and there well knew, the only purpose of the false cover story was to conceal that the cash was a bribe and kickback to the Public Official in exchange for receiving favorable official action.

j.      It was a further part of the conspiracy that the Co-Conspirator would and did deliver the cash to the Public Official in the Middle District of Florida.

k.      It was a further part of the conspiracy that the Public Official would and did deposit the cash into bank accounts controlled by him in the Middle District of Florida.

l.      It was a further part of the conspiracy that the Public Official, in exchange for receiving that bribe and kickback, would and did use his official position to provide favorable official action on behalf of MICHAEL COURTNEY SHIRLEY as requested and as opportunities arose, including by continuing to employ MICHAEL COURTNEY SHIRLEY and Praetorian and by causing MICHAEL COURTNEY SHIRLEY and Praetorian to be paid, including for the inflated invoices that MICHAEL COURTNEY SHIRLEY and Praetorian continued to submit.

m.      It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did enrich himself by secretly obtaining official action by the Public Official for MICHAEL COURTNEY SHIRLEY and Praetorian through corrupt means.

n.      It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did attempt to conceal the fraudulent nature of the transaction through the preparation of a false receipt that falsely represented that the cash that MICHAEL COURTNEY SHIRLEY paid the Public Official was for the sale of furniture, when, in truth and in fact, as MICHAEL COURTNEY SHIRLEY then and there well knew, the payment was a bribe and kickback to the Public Official in exchange for favorable official action.

o.      It was a further part of the conspiracy that the Public Official, MICHAEL COURTNEY SHIRLEY, and other co-conspirators known and unknown to the Grand Jury would and did use interstate wires in furtherance of the conspiracy and scheme and artifice to defraud, including by causing interstate wires to be used to pay MICHAEL COURTNEY SHIRLEY and Praetorian by use of an American Express credit card and by causing banks to make ACH transactions involving interstate wires.

p.      It was a further part of the conspiracy that the Public Official, MICHAEL COURTNEY SHIRLEY, and other co-conspirators known and unknown to the Grand Jury would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme to defraud and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH FIVE
### (Honest Services Fraud)

### A.   Introduction

1.     The allegations contained in Section A of Count One of this Indictment are hereby realleged and incorporated herein by reference.

### B.   The Scheme

2.     Beginning in or about January 2017, and continuing through at least in or about December 2019, in the Middle District of Florida and elsewhere, the defendant,

MICHAEL COURTNEY SHIRLEY,

did knowingly devise or participate in a scheme to fraudulently deprive the public of the right to honest services of the Public Official through bribery and kickbacks, and did so with an intent to defraud the public of the right to the Public Official's honest services, which scheme and artifice is described as follows:

### C.   Manner and Means

3.     The substance of the scheme and artifice and its manner and means are set forth in Section C of Count One of the Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

### D.   Interstate Wire Transmissions

4.     On or about the dates identified below, in the Middle District of Florida, and elsewhere, the defendant,

MICHAEL COURTNEY SHIRLEY,

6

for the purpose of executing the aforesaid scheme and artifice to defraud and for

obtaining money and property by means of fraudulently depriving the public of the

right to honest services of the Public Official through bribery and kickbacks with an

intent to defraud the public of the right to the Public Official's honest services, did

knowingly, and with intent to defraud, transmit and cause to be transmitted by means

of wire, radio, and television communication in interstate and foreign commerce, the

following writings, signs, signals, pictures, and sounds:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|-------|--------------|---------------------|
| TWO | September 8, 2017 | Wire transfer in the amount of $12,500 from the Governmental Agency's Wells Fargo account ending in 2933 to SHIRLEY's Wells Fargo account ending in 7284 |
| THREE | September 25, 2017 | Withdraw in the amount of $6,000 from SHIRLEY's Wells Fargo account ending in 5213 |
| FOUR | September 28, 2017 | Wire transfer in the amount of $10,325 from the Governmental Agency's Wells Fargo account ending in 2933 to SHIRLEY's Wells Fargo account ending in 7284 |
| FIVE | December 19, 2017 | Wire transfer in the amount of $22,552 from the Governmental Agency's Wells Fargo account ending in 2933 to SHIRLEY's Wells Fargo account ending in 7284 |

All in violation of 18 U.S.C. §§ 1343 and 1346.

## FORFEITURE

1.      The allegations contained in Counts One through Five are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of the conspiracy to violate 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, or upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

3.      The property to be forfeited includes but is not limited to, an order of forfeiture for at least $466,625.72, which represents the amount of proceeds that the defendant obtained as a result of his participation in the charged offenses.

4.      If any of the property described above, as a result of any act or omission of the defendant:

       a.      cannot be located upon the exercise of due diligence;

       b.      has been transferred or sold to, or deposited with, a third party;

       c.      has been placed beyond the jurisdiction of the Court;

       d.      has been substantially diminished in value; or

       e.      has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____

Amanda S. Daniels
Assistant United States Attorney

By: _____

Chauncey A. Bratt
Assistant United States Attorney

9

FORM OBD-34
August 22

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

### THE UNITED STATES OF AMERICA

vs.

## MICHAEL COURTNEY SHIRLEY

## INDICTMENT

Violations:    18 U.S.C. § 1349
18 U.S.C. §§ 1343, 1346

A true bill

Foreperson

Filed in open court this 10th day of August, 2022.

_____
Clerk

Bail $_____