# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CRIMINAL DOCKET FOR CASE #: <u>1:22−mj−00739−ML</u> All Defendants

Case title: USA v. Shirley                 Date Filed: 08/31/2022

Other court case number: 6:22−cr−123−CEM−DCI Middle
District of Florida, Orlando Division

Assigned to: Judge Mark Lane

**<u>Defendant (1)</u>**

**Michael Courtney Shirley**     represented by    **Duty Pub. Defender−Austin**
Office of the Federal Public Defender
Austin Division
504 Lavaca St., Suite 960
Austin, TX 78701
(512) 916−5025
Fax: (512) 916−5035
Email: <u>norma_g_medrano@fd.org</u>
*TERMINATED: 09/06/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Jose I. Gonzalez−Falla**
Federal Public Defender
Lavaca Plaza
504 Lavaca St., Ste 960
Austin, TX 78701
(512)916−5025
Fax: (512)916−5035
Email: <u>jose_gonzalez−falla@fd.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Pending Counts</u>**                       **<u>Disposition</u>**

None

**<u>Highest Offense Level
(Opening)</u>**

None

**<u>Terminated Counts</u>**               **<u>Disposition</u>**

None

1

**Highest Offense Level
(Terminated)**

None

| Complaints | Disposition |
|---|---|
| 18:1349.F; 18:1346; 18:1343 Conspiracy to Commit Honest Services Fraud | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Matt Harding** |
| | | United States Attorney's Office |
| | | 903 San Jacinto Blvd., Suite 334 |
| | | Austin, TX 78701 |
| | | 512−370−1244 |
| | | Email: matt.harding@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/31/2022 | 1 | | Arrest (Rule 5) of Michael Courtney Shirley (lt) (Entered: 08/31/2022) |
| 08/31/2022 | 2 | | Minute Entry for proceedings held before Judge Mark Lane:Initial Appearance in Rule 5(c)(3) Proceedings as to Michael Courtney Shirley held on 8/31/2022 (Minute entry documents are not available electronically.) (Court Reporter FTR Gold − ERO.) (jf) (Entered: 08/31/2022) |
| 08/31/2022 | 3 | | ORDER Setting Conditions of Release. Signed by Judge Mark Lane. (jf) (Entered: 08/31/2022) |
| 08/31/2022 | 4 | | ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Michael Courtney Shirley. Signed by Judge Mark Lane. (jf) (Entered: 08/31/2022) |
| 08/31/2022 | 5 | | NOTICE OF HEARING as to Michael Courtney Shirley: Identity Hearing set for 9/6/2022 at 9:30 AM before Judge Dustin M. Howell(jf) (Entered: 08/31/2022) |
| 09/06/2022 | 6 | | Minute Entry for proceedings held before Judge Dustin M. Howell:Attorney Status Hearing as to Michael Courtney Shirley held on 9/6/2022 (Minute entry documents are not available electronically.) (Court Reporter FTR Gold − ERO.) (afd) (Entered: 09/06/2022) |
| 09/06/2022 | 7 | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Michael Courtney Shirley Duty Pub. Defender−Austin for Michael Courtney Shirley appointed.. Signed by Judge Dustin M. Howell. (afd) (Entered: 09/06/2022) |
| 09/06/2022 | 8 | | |

| | | | Order Regarding Financial Status as to Michael Courtney Shirley. Signed by Judge Dustin M. Howell. (afd) (Entered: 09/06/2022) |
|---|---|---|---|
| 09/06/2022 | 9 | | ORDER Setting Identity Hearing as to Michael Courtney Shirley, ( Identity Hearing set for 9/9/2022 09:00 AM before Judge Dustin M. Howell,). Signed by Judge Dustin M. Howell. (afd) (Entered: 09/06/2022) |
| 09/06/2022 | 10 | | NOTICE OF ATTORNEY APPEARANCE: Jose I. Gonzalez−Falla appearing for Michael Courtney Shirley . Attorney Jose I. Gonzalez−Falla added to party Michael Courtney Shirley(pty:dft) (Gonzalez−Falla, Jose) (Entered: 09/06/2022) |
| 09/06/2022 | 11 | | Waiver of Identity Hearing by Michael Courtney Shirley (Gonzalez−Falla, Jose) (Entered: 09/06/2022) |

August 31, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____LRT_____
          DEPUTY

FILED

7822 AUG 10  PM 2: 48

CLERK. US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO. FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

Austin Case·No. 1:22-MJ-00739-ML

v.

MICHAEL COURTNEY SHIRLEY

CASE NO. 6:22-cr- 123- CEM- DCI
18 U.S.C. § 1349
18 U.S.C. § 1346

## **INDICTMENT**

The Grand Jury charges:

## **COUNT ONE**
### **(Conspiracy to Commit Honest Services Fraud)**

### A.    **Introduction**

At times material to this Indictment:

1.    The defendant, MICHAEL COURTNEY SHIRLEY ("SHIRLEY"), was a resident of the Middle District of Florida who was hired in or about January 2017, by a local governmental agency of Seminole County, Florida (hereinafter the "Governmental Agency") as a consultant. SHIRLEY also operated a business called Praetorian.

2.    In or about January 2017, an elected official (hereinafter the "Public Official") assumed office at the governmental agency.

3.    In or about January 2017, Praetorian entered into a contract to provide consulting services to the Governmental Agency.  SHIRLEY signed the contract on behalf of Praetorian.  The Public Official signed the contract on behalf of the

Governmental Agency and was the official from the Governmental Agency who decided to enter into the contract.

## B. Conspiracy

4.      Beginning on a date unknown to the Grand Jury, but beginning at least by in or about January 2017, and continuing thereafter through and including in or about 2019, in the Middle District of Florida, and elsewhere, the defendant,

### MICHAEL COURTNEY SHIRLEY,

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit wire fraud and honest services fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

## C. Manner and Means

5.      The manner and means of the conspiracy included the following:

a.      It was part of the conspiracy that MICHAEL COURTNEY SHIRLEY and Praetorian would and did enter into a contract to provide goods and services to the Governmental Agency that was signed by the Public Official on behalf of the Governmental Agency.

b.      It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY and Praetorian would and did submit invoices to the Governmental Agency that included prices for goods and services that were inflated to enrich MICHAEL COURTNEY SHIRLEY and Praetorian and to defraud the Governmental Agency.

2

      c.     It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did agree to pay bribes and kickbacks to the Public Official in exchange for receiving favorable official action by the Public Official.

      d.     It was a further part of the conspiracy that the Public Official would and did provide favorable official action as requested and as opportunities arose, including by employing MICHAEL COURTNEY SHIRLEY and Praetorian and by causing MICHAEL COURTNEY SHIRLEY and Praetorian to be paid, including for the inflated invoices that Shirley and Praetorian submitted.

      e.     It was a further part of the conspiracy that a co-conspirator (hereinafter the "Co-Conspirator") would and did agree to serve as the intermediary between MICHAEL COURTNEY SHIRLEY and the Public Official for a bribe and kickback.

      f.     It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did withdraw cash from a bank in the Middle District of Florida.

      g.     It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did provide the cash to the Co-Conspirator in the Middle District of Florida.

      h.     It was a further part of the conspiracy that the Co-Conspirator would and did deliver the cash to the Public Official in the Middle District of Florida.

      i.     It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did attempt to conceal the fraudulent nature of

3

the transaction by devising a false cover story that the cash that MICHAEL COURTNEY SHIRLEY provided to his Co-Conspirator was for the purchase of a portion of the Co-Conspirator's business, when, in truth and in fact, as MICHAEL COURTNEY SHIRLEY and the Co-Conspirator then and there well knew, the only purpose of the false cover story was to conceal that the cash was a bribe and kickback to the Public Official in exchange for receiving favorable official action.

j.     It was a further part of the conspiracy that the Co-Conspirator would and did deliver the cash to the Public Official in the Middle District of Florida.

k.     It was a further part of the conspiracy that the Public Official would and did deposit the cash into bank accounts controlled by him in the Middle District of Florida.

l.     It was a further part of the conspiracy that the Public Official, in exchange for receiving that bribe and kickback, would and did use his official position to provide favorable official action on behalf of MICHAEL COURTNEY SHIRLEY as requested and as opportunities arose, including by continuing to employ MICHAEL COURTNEY SHIRLEY and Praetorian and by causing MICHAEL COURTNEY SHIRLEY and Praetorian to be paid, including for the inflated invoices that MICHAEL COURTNEY SHIRLEY and Praetorian continued to submit.

m.     It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did enrich himself by secretly obtaining official action by the Public Official for MICHAEL COURTNEY SHIRLEY and Praetorian through corrupt means.

4

7

n.   It was a further part of the conspiracy that MICHAEL COURTNEY SHIRLEY would and did attempt to conceal the fraudulent nature of the transaction through the preparation of a false receipt that falsely represented that the cash that MICHAEL COURTNEY SHIRLEY paid the Public Official was for the sale of furniture, when, in truth and in fact, as MICHAEL COURTNEY SHIRLEY then and there well knew, the payment was a bribe and kickback to the Public Official in exchange for favorable official action.

o.   It was a further part of the conspiracy that the Public Official, MICHAEL COURTNEY SHIRLEY, and other co-conspirators known and unknown to the Grand Jury would and did use interstate wires in furtherance of the conspiracy and scheme and artifice to defraud, including by causing interstate wires to be used to pay MICHAEL COURTNEY SHIRLEY and Praetorian by use of an American Express credit card and by causing banks to make ACH transactions involving interstate wires.

p.   It was a further part of the conspiracy that the Public Official, MICHAEL COURTNEY SHIRLEY, and other co-conspirators known and unknown to the Grand Jury would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme to defraud and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH FIVE
### (Honest Services Fraud)

### A.   Introduction

1.     The allegations contained in Section A of Count One of this Indictment are hereby realleged and incorporated herein by reference.

### B.   The Scheme

2.     Beginning in or about January 2017, and continuing through at least in or about December 2019, in the Middle District of Florida and elsewhere, the defendant,

### MICHAEL COURTNEY SHIRLEY,

did knowingly devise or participate in a scheme to fraudulently deprive the public of the right to honest services of the Public Official through bribery and kickbacks, and did so with an intent to defraud the public of the right to the Public Official's honest services, which scheme and artifice is described as follows:

### C. Manner and Means

3.     The substance of the scheme and artifice and its manner and means are set forth in Section C of Count One of the Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

### D. Interstate Wire Transmissions

4.     On or about the dates identified below, in the Middle District of Florida, and elsewhere, the defendant,

### MICHAEL COURTNEY SHIRLEY,

6

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of fraudulently depriving the public of the right to honest services of the Public Official through bribery and kickbacks with an intent to defraud the public of the right to the Public Official's honest services, did knowingly, and with intent to defraud, transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
| TWO | September 8, 2017 | Wire transfer in the amount of $12,500 from the Governmental Agency's Wells Fargo account ending in 2933 to SHIRLEY's Wells Fargo account ending in 7284 |
| THREE | September 25, 2017 | Withdraw in the amount of $6,000 from SHIRLEY's Wells Fargo account ending in 5213 |
| FOUR | September 28, 2017 | Wire transfer in the amount of $10,325 from the Governmental Agency's Wells Fargo account ending in 2933 to SHIRLEY's Wells Fargo account ending in 7284 |
| FIVE | December 19, 2017 | Wire transfer in the amount of $22,552 from the Governmental Agency's Wells Fargo account ending in 2933 to SHIRLEY's Wells Fargo account ending in 7284 |

All in violation of 18 U.S.C. §§ 1343 and 1346.

## FORFEITURE

1.    The allegations contained in Counts One through Five are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.    Upon conviction of the conspiracy to violate 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, or upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

3.    The property to be forfeited includes but is not limited to, an order of forfeiture for at least $466,625.72, which represents the amount of proceeds that the defendant obtained as a result of his participation in the charged offenses.

4.    If any of the property described above, as a result of any act or omission of the defendant:

   a.    cannot be located upon the exercise of due diligence;

   b.    has been transferred or sold to, or deposited with, a third party;

   c.    has been placed beyond the jurisdiction of the Court;

   d.    has been substantially diminished in value; or

   e.    has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson


ROGER B. HANDBERG
United States Attorney

By:     *Amanda Daniels*
        Amanda S. Daniels
        Assistant United States Attorney

By:     _____
        Chauncey A. Bratt
        Assistant United States Attorney

9

12

Page 1 of ___ Pages



# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Michael Shirley | )  Case No.  1:22-mj-00739-ML-1 |
| | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)    The defendant must not violate federal, state, or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____ United States Courthouse _____

*Place*

501 West 5th Street, Austin, Texas 78701

on _____

*Date and Time*

If blank, defendant will be notified of next appearance.

(5)    The defendant must sign an Appearance Bond, if ordered.

14

AO 199B  (Rev. 10/20)  Additional Conditions of Release

Page ____ of ____ Pages

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____  Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____  _____
*Custodian*                         *Date*

(✓) (7) The defendant must:
(✓) (a) submit to supervision by and report for supervision to the   Pretrial Services Office                        ,
telephone number   512-916-5297   , no later than   as directed                        .
(✓) (b) continue or actively seek employment.
( ) (c) continue or start an education program.
(✓) (d) surrender any passport to:   U.S Pretrial Services
(✓) (e) not obtain a passport or other international travel document.
(✓) (f) abide by the following restrictions on personal association, residence, or travel:   Travel limited to Travis, Williamson, Hays counties and the
Middle District of Florida for court related matters, unless approved by Pretrial Services.
(✓) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
including:   All co-defendant's to include Amy Tyler, Joseph Ellicott, and Joel Greenberg.                        .

( ) (h) get medical or psychiatric treatment: _____

( ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
or the following purposes: _____

( ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
necessary.
(✓) (k) not possess a firearm, destructive device, or other weapon.
(✓) (l) not use alcohol ( ) at all (✓) excessively.
(✓) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
medical practitioner.
(✓) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with
random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of
prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy
of prohibited substance screening or testing.
(✓) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or
supervising officer.
( ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as
directed by the pretrial services office or supervising officer; or
( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services;
medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other
activities approved in advance by the pretrial services office or supervising officer; or
( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and
court appearances or other activities specifically approved by the court; or
( ) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions.  However,
you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
( ) (q) submit to the following location monitoring technology and comply with its requirements as directed:

15

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or

( ☐ ) (ii)   Voice Recognition; or

( ☐ ) (iii)   Radio Frequency; or

( ☐ ) (iv)   GPS.

( ☐ ) (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☑ ) (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t)  Pay all or part of the costs for referrals (treatment, drug testing, residential placement) based upon your ability to pay as directed by Pretrial Services.

16

AO 199C  (Rev. 09/08)  Advice of Penalties                          Page _____ of _____ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

      Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

      While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

      It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

      If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

      A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

      I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Austin, Texas
_____
City and State

## Directions to the United States Marshal

( ✓ )  The defendant is ORDERED released.

(   )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____8/31/2022_____

_____
Judicial Officer's Signature

Honorable Mark Lane, U.S. Magistrate Judge
_____
Printed name and title

DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

17



AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

FILED

AUG **3 1** 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| USA | § | |
| | § | |
| vs. | § | Case No:  AU:22-M -00739(1) |
| | § | |
| (1) Michael Courtney Shirley | § | Charging District:  Middle District of Florida, Orlando |
| | § | Division |
| | | Charging District's Case No.:  6:22-cr-123 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| | |
|---|---|
| **Place:**  George C. Young Federal Annex Courthouse 401 West Central Boulevard Orlando, Florida 32801 | U.S. Magistrate Judge Daniel Irick **Date and Time:**To be set by Charging Division by separate notice |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:  August 31, 2022                   _____

MARK LANE
UNITED STATES MAGISTRATE JUDGE

18

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.                                                    Case Number:  AU:22-M-00739(1)

(1) Michael Courtney Shirley
   *Defendant*

Dear Sir or Madam:

TAKE NOTICE that the above-entitled case has been set before:

**UNITED STATES MAGISTRATE JUDGE DUSTIN M. HOWELL**,

at the **U.S. Courthouse, 501 West Fifth Street Austin, Texas Courtroom #3,** for the following:

**IDENTITY HEARING**

on **Tuesday, September 06, 2022** at **9:30 AM**

EVERYONE to whom this notice is addressed (except those to whom copies are sent for information only) must appear IN PERSON unless excused from appearing by the Court.

ATTORNEYS are reminded that it is their duty to advise clients, witnesses, and others concerning rules of decorum to be observed in Court.  (Local Court Rule AT-5(b)(12)).

WHENEVER defendants or witnesses in a criminal case have need for the services of a court interpreter, the attorney must inform the Clerk not later than five (5) business days before the scheduled Court proceeding.

If defendant chooses to waive hearing, a written waiver (see attached) must be signed by defendant and his/her counsel and filed by 4:00 p.m. the day before scheduled hearing.

Date Issued:  August 31, 2022
(1) Michael Courtney Shirley

/s/ _____
Laura Thomson
Magistrate Courtroom Deputy

Attorney at Law                              (512) 916-5896, ext. 8713

cc:       U.S. Probation
          U.S. Pretrial Services
          U.S. Clerk
          U.S. Attorney

AO 466A (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

United States of America

v.                                          Case Number:   AU:22-M -00739(1)

(1) Michael Courtney Shirley              Charging District's Case No.: 6:22-cr-123

**Waiver of Rule 5 & 5.1 Hearing**
(Complaint/Indictment)

I understand that I have been charged in another district,  the Middle District of Florida, Orlando Division.

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)  a hearing on any motion by the government for detention;

(6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

(   )  an identity hearing and production of the warrant.

(   )  a preliminary hearing.

(   )   a detention hearing.

(   )  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____

(1) Michael Courtney Shirley, *Defendant*

_____          _____
*Date*

*Counsel for Defendant*

20

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:  AU:22-M -00739(1) |
| | § | |
| (1) Michael Courtney Shirley | § | |

## ORDER APPOINTING COUNSEL FOR LIMITED PURPOSE

Because the Defendant has been unable to employ counsel for his identity hearing and does not wish to waive counsel, and because the interests of justice so require, an attorney is hereby **APPOINTED** to represent Defendant in this case for the **limited purpose of any hearing conducted in Austin, Texas,** and shall have no effect once Defendant's case is transferred to the Middle District of Florida, Orlando Division, its original jurisdiction. Once transferred, should Defendant ask the original Court to appoint counsel, the original Court must make a determination whether Defendant satisfies the requirements for appointed counsel based on the information available to the Court at that time.

**Attorney Appointed: Federal Public Defender**

The appointment **SHALL** remain in effect until Defendant is transferred to the original jurisdiction and this case is terminated in the Western District of Texas, Austin Division.

**SIGNED** on September 6, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

21

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.                                          Case Number:  AU:22-M -00739(1)

(1) Michael Courtney Shirley
*Defendant*

# ORDER

  The above named defendant appeared in Court this day and requested the Court to appoint counsel.  The Court has reviewed the defendant's CJA 23 financial affidavit and has determined that the indigency of the defendant is in question.  However, in the interests of justice, the Court has decided to appoint an attorney for the defendant and has advised the defendant that he/she may be required to reimburse the Government for the costs of appointed counsel upon completion of the case.

  THEREFORE, IT IS ORDERED that upon any finding of guilt in regards to these current charges, the U.S. Probation Office is instructed to make financial inquiries of the defendant to determine if he/she can repay the costs of court-appointed counsel.  The U.S. Probation Office shall report its findings to the judicial officer assigned to the case prior to any sentencing.

  Signed this 6th day of September, 2022.


_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

22

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.                                    Case Number:  AU:22-M -00739(1)

(1) Michael Courtney Shirley
   *Defendant*

Dear Sir or Madam:

TAKE NOTICE that the above-entitled case has been reset before:

**UNITED STATES MAGISTRATE JUDGE DUSTIN M. HOWELL**,

at the **U.S. Courthouse, 501 West Fifth Street Austin, Texas Courtroom #3,** for the following:

**IDENTITY HEARING**

on **Friday, September 09, 2022** at **9:00 AM**

EVERYONE to whom this notice is addressed (except those to whom copies are sent for information only) must appear IN PERSON unless excused from appearing by the Court.

ATTORNEYS are reminded that it is their duty to advise clients, witnesses, and others concerning rules of decorum to be observed in Court.  (Local Court Rule AT-5(b)(12)).

WHENEVER defendants or witnesses in a criminal case have need for the services of a court interpreter, the attorney must inform the Clerk not later than five (5) business days before the scheduled Court proceeding.

If defendant chooses to waive hearing, a written waiver (see attached) must be signed by defendant and his/her counsel and filed by 4:00 p.m. the day before scheduled hearing.

Date Issued:  September 06, 2022
(1) Michael Courtney Shirley              /s/ _____
                                          Laura Thomson
                                          Magistrate Courtroom Deputy
Attorney at Law                           (512) 916-5896, ext. 8713


cc:        U.S. Probation
           U.S. Pretrial Services
           U.S. Clerk
           U.S. Attorney

23

AO 466A (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.

(1) Michael Courtney Shirley

Case Number:   AU:22-M -00739(1)

Charging District's Case No.: 6:22-cr-123-CEM-DCI

**Waiver of Rule 5 & 5.1 Hearing**
(Complaint/Indictment)

I understand that I have been charged in another district,  the Middle District of Florida.

I have been informed of the charges and of my rights to:

    (1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

    (2)  an identity hearing to determine whether I am the person named in the charges;

    (3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

    (4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

    (5)  a hearing on any motion by the government for detention;

    (6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

    (   )  an identity hearing and production of the warrant.

    (   )  a preliminary hearing.

    (   )   a detention hearing.

    (   )  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

    I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
(1) Michael Courtney Shirley, *Defendant*

_____
*Date*

_____
*Counsel for Defendant*

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | CAUSE NO. AU:22-M-739(1) |
| | § | |
| MICHAEL COURTNEY SHIRLEY | § | |

## NOTICE OF ATTORNEY APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Jose I. Gonzalez-Falla, Assistant Federal Public Defender and enters appearance as counsel for the defendant in the above-styled and numbered cause.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ JOSE I. GONZALEZ-FALLA
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025 / (512) 916-5035 (FAX)
Bar Number: Texas 08135700

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2022, I filed the foregoing Notice of Attorney Appearance using the CM/ECF system which will give electronic notification to the following:

Matt Harding
Assistant U.S. Attorney
903 San Jacinto Blvd., Ste. 334
Austin, TX 78701

/s/ JOSE I. GONZALEZ-FALLA

AO 466A (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.

(1) Michael Courtney Shirley

Case Number:  AU:22-M -00739(1)

Charging District's Case No.: 6:22-cr-123-CEM

### Waiver of Rule 5 & 5.1 Hearing
#### (Complaint/Indictment)

I understand that I have been charged in another district,  the  Middle District of

Florida.        I have been informed of the charges and of my rights to:

    (1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

    (2)  an identity hearing to determine whether I am the person named in the charges;

    (3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

    (4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

    (5)  a hearing on any motion by the government for detention;

    (6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

    ( ✓ )  an identity hearing and production of the warrant.

    (   )  a preliminary hearing.

    (   )   a detention hearing.

    (   )  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
(1) Michael Courtney Shirley, Defendant

_____9/6/22_____
Date

_____
Counsel for Defendant