UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                            CASE NO. 6:22-cr-00123-GAP-DCI

MICHAEL COURTNEY SHIRLEY,

      Defendant.
_____/

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

The Defendant, MICHAEL COURTNEY SHIRLEY (hereafter sometimes referred to as "Mr. Shirley"), by and through his undersigned attorney, hereby moves this Honorable Court for an Order in Limine preventing the Government from introducing certain evidence and as grounds would submit the following:

1. Mr. Shirley is charged in Count 1 with Conspiracy to Commit Honest Services Fraud in violation of 18 U.S.C. §§1343 and 1346. It is alleged that Mr. Shirley through a company called Praetorian entered into a contract to provide goods and services to the Seminole County Tax Collector's Office. The contract was signed by Mr. Shirley on behalf of the company Praetorian. Joel Greenberg, the elected tax collector for Seminole County, signed the contract on behalf of the Seminole County Tax Collector's Office.

2. Count 1 of the Indictment alleges that as part of the conspiracy, Mr. Shirley and Praetorian would and did submit invoices to the governmental agency that included prices for goods and services that were "inflated" to enrich Mr. Shirley and Praetorian and to thereby defraud the governmental agency. Count 1 charges that as part of the conspiracy, Mr. Shirley would and did agreed to pay bribes and kickbacks to Mr. Greenberg in exchange for receiving favorable official action by Mr. Greenberg. Count 1 further alleges that as part of the alleged conspiracy, Mr. Greenberg would and did provide favorable official action as requested and as opportunities arose, including by employing Mr. Shirley and Praetorian and by causing Mr. Shirley and Praetorian to be paid, including the "inflated" invoices that Mr. Shirley and Praetorian allegedly submitted. It was further alleged that Mr. Shirley withdrew cash from a bank in the Middle District of Florida and that the cash was eventually deposited by Mr. Greenberg into another bank in the Middle District of Florida.

3. Counts 2 through 5 of the Indictment allege violations of Honest Services Fraud regarding four separate wire transfers into banks as specifically described in the Indictment.

4. At all times material in the case, Mr. Shirley was not a "public official" nor did he have an employment relationship with the Seminole County Tax

Collector's Office. It is alleged that Mr. Shirley was an independent contractor and that a company that he controlled, Praetorian, had a written independent contractor agreement with the Seminole County Tax Collector's Office that was entered into by Joel Greenberg, the then-elected Seminole County Tax Collector.

5. The indictment seems to imply more than one bribe or kickback was paid by Mr. Shirley to Mr. Greenberg; however, it states only one specific occurrence where Mr. Shirley is alleged to have actually paid a kickback.

6. Because of that, defense counsel requested from the Government, any information pertaining to other bribes or kickbacks Mr. Shirley is alleged to have made to Mr. Greenberg or any other co-conspirator.

7. In response, on May 23, 2023, the Government via a discovery letter, indicated it intended on introducing as evidence other kickback payments made directly from Mr. Shirley to Mr. Greenberg, as well as financial contributions by Mr. Shirley to political campaigns at Mr. Greenberg's direction.

8. First, the letter stated the Government plans on introducing the following kickback payments made directly from Mr. Shirley to Mr. Greenberg via check on or about the dates indicated:

- May 12, 2017 – $82
- May 17, 2017 – $62
- November 6, 2017 – $5,500

3

- November 14, 2017 – $7,000
- May 15, 2018 – $184

9. Secondly, the letter states the Government plans to introduce a $1,000 political donation by Mr. Shirley to Joe Durso's Campaign that they alleged was made at the behest of Mr. Greenberg.

10. Lastly, the letter states the Government continues to investigate three political donations by Mr. Shirley to "determine whether they were made at the behest of Greenberg, and which [they] could potentially use as evidence, or 404(b) evidence...":

- September 7, 2017 – $1,000 to Mark Weller Campaign
- November 28, 2017 – $1,000 to Ashley Moody Campaign
- March 30, 2018 – $3,000 to Gavin Clarkson

11. The Government alleges all of this evidence is inextricably intertwined with the charged conspiracy, or alternatively admissible through Rule 404(b) to show Mr. Shirley's intent, motive, knowledge, plan, and absence of mistake or accident.

12. At the time of this filing, the Government has not filed a written motion regarding this evidence. Nevertheless, undersigned counsel files this motion in limine to exclude the proposed evidence.

- **May 12, 2017 – $82**

13.  On May 12, 2017, Mr. Shirley wrote a $82.20 check to "Joel Greenberg Seminole County Tax Collector." The defense objects to the introduction of this evidence as it is irrelevant, unduly prejudicial, and impermissible character evidence. At the time of the filing of this motion, there has been no evidence provided to the defense how this payment is relevant to the crimes charges. There has been no evidence this payment was a kickback or bribe and no evidence how this kickback is relevant to prove Mr. Shirley's intent, motive, knowledge, plan, and absence of mistake or accident. This is likely because this check was written by Mr. Shirley to pay for his vehicle registration – something every Seminole County resident must do in order to have their vehicle properly registered. Additionally, while the check does bear Mr. Greenberg's name, it is followed by "Seminole County Tax Collector" and the check was actually received and deposited by the Tax Collector's Office. Without further information from the Government, the defense fails to see how Mr. Shirley's vehicle registration payment is in any way a bribe, kickback, or relevant to this matter.

- **May 17, 2017 – $62**

14.  On May 17, 2017, Mr. Shirley wrote a $62.25 check to "Joel Greenberg Seminole County Tax Collector."  The defense objects to the introduction of this

evidence as it is irrelevant, unduly prejudicial, and impermissible character evidence. At the time of the filing of this motion, there has been no evidence provided to the defense how this payment is relevant to the crimes charges. There has been no evidence this payment was a kickback or bribe and no evidence how this kickback is relevant to prove Mr. Shirley's intent, motive, knowledge, plan, and absence of mistake or accident. This is likely because this check was written by Mr. Shirley to pay for his vehicle registration – something every Seminole County resident must do in order to have their vehicle properly registered. Additionally, while the check does bear Mr. Greenberg's name, it is followed by "Seminole County Tax Collector" and the check was actually received and deposited by the Tax Collector's Office. Without further information from the Government, the defense fails to see how Mr. Shirley's vehicle registration payment is in any way a bribe, kickback, or relevant to this matter.

- **November 6, 2017 – $5,500**
- **November 14, 2017 – $7,000**

15. On November 6, 2017, Mr. Shirley wrote a check to Joel Greenberg in the amount of $5,500. Then on November 14, 2017, Mr. Shirley wrote another check to Joel Greenberg for $7,000. The defense objects to the introduction of this evidence as it is irrelevant, unduly prejudicial, and impermissible character evidence. No

evidence has been provided to the defense that would show that these payments are relevant to the alleged conspiracy or how they tend to show Mr. Shirley's intent, motive knowledge, plan and absence of mistake or accident. The Government is aware and has been provided information that these two payments from Mr. Shirley to Mr. Greenberg were for a private real estate transaction. Mr. Greenberg owned several parcels of land in Brevard County, Florida, specifically in Grant Island Estates. Grant Island Estates is located in Grant Island, which is several miles north of the Sebastian Inlet. Mr. Greenberg wanted to sell the parcels but had no buyers. So Mr. Shirley, along with Ernie Falco, entered into an agreement with Mr. Greenberg wherein Mr. Shirley and Mr. Falco would each pay Mr. Greenberg $12,500 in exchange for interests in the proceeds from the sale of the parcels. Mr. Shirley and Mr. Falco would exercise their best efforts to assist in selling the parcels and obtain necessary professionals to sell the parcels. Upon the sale of the parcels, Mr. Shirley and Mr. Falco would each receive $12,500. If the parcels sold above a certain price, Mr. Shirley and Mr. Falco would receive a share of the profit. Proof of the real estate deal can be found in the public records, including at the Property Appraiser's Office.

- **May 15, 2018 – $184**

16.     On May 15, 2018, Mr. Shirley wrote a $184.40 check to "Joel Greenberg Seminole County Tax Collector." The defense objects to the introduction of this evidence as it is irrelevant, unduly prejudicial, and impermissible character evidence. At the time of the filing of this motion, there has been no evidence provided to the defense how this payment is relevant to the crimes charges. There has been no evidence this payment was a kickback or bribe and no evidence how this kickback is relevant to prove Mr. Shirley's intent, motive, knowledge, plan, and absence of mistake or accident. This is likely because this check was written by Mr. Shirley to pay for his vehicle registration – something every Seminole County resident must do in order to have their vehicle properly registered. Additionally, while the check does bear Mr. Greenberg's name, it is followed by "Seminole County Tax Collector" and the check was actually received and deposited by the Tax Collector's Office. Without further information from the Government, the defense fails to see how Mr. Shirley's vehicle registration payment is in any way a bribe, kickback, or relevant to this matter.

- **April 28, 2017 – $1,000 to Joe Durso Campaign**

17.     On April 28, 2017, Mr. Shirley wrote a $1,000 check to the Joe Durso Campaign. The defense objects to the introduction of this evidence as it is irrelevant,

8

unduly prejudicial, impermissible character evidence, and a violation of Mr. Shirley's First Amendment right under the United States Constitution. The Government alleges this political campaign donation was made by Mr. Shirley at the behest of Mr. Greenberg. No evidence has been provided to the defense in support of the Government's claim.

- **September 7, 2017 – $1,000 to Mark Weller Campaign**

18. On September 7, 2017, Mr. Shirley wrote a $1,000 check to the Mark Weller Campaign. The defense objects to the introduction of this evidence as it is irrelevant, unduly prejudicial, impermissible character evidence, and a violation of Mr. Shirley's First Amendment right under the United States Constitution. As the Government seems to concede in its motion, there is no evidence that this payment is relevant to the charged crimes.

- **November 28, 2017 – $1,000 to Ashley Moody Campaign**

19. On November 28, 2017, Mr. Shirley wrote a $1,000 check to the Ashley Moody Campaign. The defense objects to the introduction of this evidence as it is irrelevant, unduly prejudicial, impermissible character evidence, and a violation of Mr. Shirley's First Amendment right under the United States Constitution. As the Government seems to concede in its motion, there is no evidence that this payment is relevant to the charged crimes.

- **March 30, 2018 – $3,000 to Gavin Clarkson**

20.     On March 30, 2018, Mr. Shirley wrote a $3,000 check to Gavin Clarkson. The defense objects to the introduction of this evidence as it is irrelevant, unduly prejudicial, impermissible character evidence, and a violation of Mr. Shirley's First Amendment right under the United States Constitution. As the Government seems to concede in its motion, there is no evidence that this payment is relevant to the charged crimes.

21.     Even if the Court were to find any of the evidence the Government seeks to introduce as relevant, inextricably intertwined, or admissible as Rule 404(b) evidence, the Court should exclude the evidence under Rule 403 and find that the probative value or such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, undue delay, and wasting time.

WHEREFORE, the Defendant requests this Honorable Court enter an Order in Limine preventing the Government from commenting on or introducing this evidence in trial.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2023, I have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to the following: Amanda Sterling Daniels, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, amanda.daniels@usdoj.gov and Chauncey Bratt, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, chauncey.bratt@usdoj.gov.

        s/Warren W. Lindsey
WARREN W. LINDSEY, of
LINDSEY, FERRY & PARKER, P.A.
341 N. Maitland Avenue, Suite 130
Maitland, FL 32751
*Mail:* P.O. Box 505
Winter Park, FL 32790
Telephone: (407) 644-4044
Facsimile: (407) 599-2207
Attorneys for the Defendant.
warren@warrenlindseylaw.com