UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE No. 6:22-cr-123-CEM-DCI

MICHAEL COURTNEY SHIRLEY

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

The United States opposes the defendant's motion to exclude evidence of additional payments that he made to a public official during the course of the charged kickback scheme (Doc. 44). On August 10, 2022, a federal grand jury charged the defendant in a five-count indictment with various counts of conspiracy, wire fraud, and honest services fraud centered around a kickback scheme involving the defendant and Joel Greenberg ("Greenberg"), who at the time of the scheme was the tax collector of a local government entity. Doc. 1. The case is now set for a date certain jury trial beginning July 24, 2023. Doc. 50. The defendant has moved to exclude evidence at trial of some of the payments that the defendant made to Greenberg during the course of the scheme. *See* Doc. 44.  The defendant's motion should be denied in full, as set forth below.  Alternatively, the defendant's motion should be denied with respect to the defendant's payments to Greenberg on or about November 6, 2017 ($5,500) and November 14, 2017 ($7,000) and the defendant's donation for Greenberg to J.D.'s political campaign on or about April 28, 2017 ($1,000).

1

## Background

The defendant's initial appearance in the Middle District of Florida was completed on October 6, 2022. *See* Doc. 6. On October 7, 2022, this Court ordered that the United States produce certain discovery to the defendant within 14 days, *i.e.* by October 21, 2022. Doc. 21. The Court also ordered that the United States provide notice to the defendant by this same date of the "general nature" of other crimes, wrongs, or acts by the defendant that the United States intends to introduce as evidence at trial pursuant to Fed. R. Evid. Section 404(b):

> Within fourteen days from the date of this Order [*i.e.* by October 21, 2022], the government shall disclose to the defendant in writing the general nature of evidence of other crimes, wrongs, or acts by the defendant that the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b), as well as the general purpose of the evidence (e.g., proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). The government's written disclosure shall characterize the defendant's specific prior conduct to a degree that fairly apprizes the defendant of its general nature.

*Id.* at 4.

On October 18, 2022, in compliance with the Court's order, the United States produced a large number of documents and other items to the defendant bates numbered from 0001 to 20595. *See* Exh. 1 at 3. Also on October 18, 2022, the United States provided the defense with a six-page letter containing various discovery notifications. Exh. 1. Section 8 of that letter, entitled "Rule 404(b) Evidence," notified the defendant that the United States intends to introduce evidence at trial of

additional kickback payments made by the defendant between May 2017 and March 2018 to Greenberg or Greenberg-supported political campaigns from the defendant's Wells Fargo account ending in 0750:

> At this point we do not intend to introduce any evidence pursuant to Federal Rule of Evidence 404(b). **Please note, however, that we do intend to introduce evidence of the defendant's additional payments to Joel Greenberg as well as his financial contributions to political campaigns from his personal Wells Fargo bank account ending in 0750, including but not limited to payments made between May 2017 and March 2018.** This evidence is inextricably intertwined with the charged conspiracy at issue here. *See United States v.* 605 F.3d 1152*McNair*, 605 F.3d 1152, 1204 (11th Cir. 2010). We do not consider this evidence 404(b) evidence.
>
> **Nevertheless, we designate these additional payments as admissible under Federal Rule of Evidence 404(b), in an abundance of caution. If considered to be Rule 404(b) evidence, such evidence will be introduced to show the defendant's intent, motive, knowledge, plan, and absence of mistake or accident.** *See Id.*

Exh. 1 at 4 (emphasis added). The discovery letter further provided that "[s]hould you have any questions concerning any of the foregoing or wish to discuss this matter further, please do not hesitate to contact me at [the assigned AUSA's phone number]." *Id.* at 5.

Also on October 18, 2022, the United States provided the defense with the bank records from the defendant's Wells Fargo account ending in 0750 covering the noticed time period of May 2017 to March 2018 and containing all of the noticed payments.

On May 22, 2023, the defense requested that the undersigned Assistant United States Attorney provide further identifying information regarding the payments and political contributions noticed in the government's October 18, 2022 discovery letter. On May 23, 2023, the United States provided the requested details (all of which were also contained in the bank records for account x0750 provided to the defense in October 2022):

> First, we intend to introduce evidence that the following payments were made directly from your client to Greenberg via check on or about the dates indicated:
>
> - May 12, 2017—$82
> - May 17, 2017—$62
> - November 6, 2017—$5,500
> - November 14, 2017—$7,000
> - May 15, 2018—$184
>
> We further intend to introduce evidence that your client made a political donation at the behest of Greenberg on or about April 28, 2017 for $1,000 to the [J.D.] Campaign. Other political donations that we continue to investigate to determine whether they were made at the behest of Greenberg, and which we could potentially use as evidence, or 404(b) evidence, include:
>
> - September 7, 2017—$1,000 to [M.W.] Campaign
> - November 28, 2017—$1,000 to [A.M.] Campaign
> - March 30, 2018—$3,000 to [G.C.]

Exh. 2 at 1–2.

On May 31, 2023, the defense filed the instant motion in limine seeking to prevent the United States from introducing any of the above-referenced payments as

evidence against the defendant at trial. Doc. 44. The defendant's motion is due to be denied.

## Argument

*1. The Payments are Admissible as Direct Evidence of the Charged Scheme*

First, the noticed payments to Greenberg by the defendant are admissible because they are inextricably intertwined with the charged offense and constitute evidence of the kickback scheme. The kickback scheme set forth in the Indictment is alleged to have taken place between January 2017 and December 2019. *See* Doc. 1 at 2, 6. All of the payments regarding which the United States intends to introduce evidence took place during that time period.  Although the specific kickback detailed in the Indictment is a cash payment that the defendant provided to Greenberg on or about September 25, 2017 (Doc. 1 at 4), the Indictment references multiple kickbacks. The United States should be allowed to introduce evidence at trial of these additional kickbacks that took place pursuant to the same alleged scheme and conspiracy.

For instance, the United States alleges in the Indictment that the defendant "would and did agree to pay bribes and kickbacks to [Greenberg] in exchange for receiving favorable official action by [Greenberg]." Doc. 1 at 3.  The United States also alleges in the Indictment that the defendant "participate[d] in a scheme to fraudulently deprive the public of the right to honest services of [Greenberg] through bribery and kickbacks." *Id.* at 6.  The United States further alleges in the Indictment that the official action taken by Greenberg for the defendant's benefit was part of a

5

scheme also involving "kickbacks" that would be provided to Greenberg. *Id.* at 7. The payments at issue, all of which were made by the defendant during the time that Greenberg was a public official, are specific evidence of some of these kickbacks. Not only is this evidence contained in the same bank account records as the evidence of the $6,000 bribe, but it helps complete the picture of the nature of the relationship between Greenberg and the defendant and corroborates that the defendant intended to remunerate Greenberg in return for Greenberg providing official action on the defendant's behalf, as alleged in the Indictment. *See* Doc. 1 at 3, paragraph c.

    The United States anticipates that the existence and purpose of these payments will be further supported by testimony provided at trial by Greenberg. In particular, the United States anticipates that Greenberg will testify that payments made by the defendant to Greenberg for $5,500 on November 6, 2017, and $7,000 on November 14, 2017, were funds provided by the defendant that Greenberg was allowed to keep pursuant to the charged kickback scheme long after the defendant was aware that there would be no real estate deal. The United States anticipates that Greenberg also will testify that the defendant did not ask for the return of these funds until years later when he learned that Greenberg and his office were under Federal investigation (*i.e.* once the defendant realized that the payments would be scrutinized by investigators). In addition, the United States anticipates that Greenberg will testify that pursuant to the arrangement between him and the defendant, the defendant made donations to political campaigns on Greenberg's behalf, including a donation to J.D.'s campaign.

The above three payments for $5,500, $7,000, and $1,000 are the primary additional payments regarding which the United States will seek to introduce evidence at trial. The United States has not yet had the opportunity to question Greenberg in more detail about the other payments discovered in the bank account records regarding which the United States has put the defense on notice. This is because Greenberg is currently in the custody of the U.S. Bureau of Prisons. However, the United States made a formal request to have Greenberg available in Orlando as a witness for trial and soon will have the opportunity to speak with him in preparation for trial. Should Greenberg indicate that any of these other noticed payments were also provided to Greenberg—or to political candidates at Greenberg's request—pursuant to the charged scheme, then the United States submits that such evidence is also relevant and admissible at trial. The appropriate remedy is not to exclude this evidence; rather, the defense can challenge the weight and reliability of this evidence through cross examination and argument as it has done in its response.

*2. The Payments are Admissible as Other Acts Evidence Under Fed. R. Evid. 404(b)*

Assuming *arguendo* that this Court were to find that the noticed payments are not the kickbacks alleged in the Indictment, or that the United States did not provide sufficient notice in the Indictment of these kickbacks, the Court should nonetheless admit these kickbacks pursuant to Federal Rule of Evidence 404(b). This Rule provides that evidence "of any other crime, wrong, or act" committed by the defendant may be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," provided that the

prosecutor "provide reasonable notice" of the evidence to the defense, "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose," and "do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b).

The United States complied with each of these requirements. First, it provided timely, written notice of these payments, the time period during which they were made, and the permissible purpose for which the United States intends to introduce them. *See* Exh. 1 at 4. Second, when the defense requested additional details regarding the payments, the United States promptly provided this information. *See* Exh. 2 at 1–2. In both notices, the United States specified that this evidence will help show the defendant's "intent, motive, knowledge, plan, and absence of mistake or accident." Exh. 1 at 4; Exh. 2 at 2. In other words, evidence of these additional financial benefits provided by the defendant in exchange for Greenberg's official actions helps show the defendant's true motives in making the $6,000 cash payment and confirms that this payment was not made by accident or innocuously, but was a kickback. It further helps show Greenberg's motives and intent in taking official actions on behalf of the defendant.

This case is similar to *U.S. v. McNair*, in which the Eleventh Circuit affirmed the introduction of evidence of other bribes/kickbacks during the trials of two public officials. 605 F.3d 1152 (11th Cir. 2010). In that case, the Court held that evidence of additional payments from the defendants to public officials that was not

encompassed by the indictment was nonetheless admissible both because (1) it was intertwined with evidence of the charged bribery offenses and (2) it was admissible under Fed. R. Evid. Section 404(b) to show the defendants' corrupt intent, common plan, and motive. *Id.* at 1203–1205. In so holding, the Eleventh Circuit stressed that the evidence of other corrupt payments should be admitted because "evidence of similar conduct that occurs during the same time period [as the charged offenses] has 'heightened' probative value." *Id.* at 1204.  Like the evidence in *McNair*, the additional evidence that the United States seeks to introduce here is payments made by the defendant to a public official during the exact period of the scheme and conspiracy charged in the Indictment. This evidence thus has heightened probative value with respect to the defendant's motive and intent in providing funds to Greenberg—issues which the United States anticipates will be hotly contested at trial.

      The defense argues repeatedly that the defendant would be "unduly prejudiced" by the introduction of evidence of other payments that he made to Greenberg. *See* Doc. 44 at 5, 6, 8–10. The Eleventh Circuit disposed of this precise argument in *McNair*, observing that "in cases where this Court has found other acts evidence inextricably intertwined with the crimes charged, the Court has refused to find that the evidence should nonetheless be excluded as unduly prejudicial," and noting that the "test" under Rule 403 is not whether the evidence is prejudicial, but rather "whether the other acts evidence was 'dragged in by the heels' solely for prejudicial impact.'" *McNair*, 605 F.3d at 1206 (internal citations omitted).  Here, as

9

in *McNair*, the noticed evidence was not "dragged in by the heels" for prejudicial impact. Rather it is "inextricably intertwined with the charged crimes" and "its probative value substantially outweigh[s] any undue prejudice." *See id.*

## Conclusion

In sum, the United States has properly noticed its intent to introduce evidence of other kickback payments made by the defendant. This evidence has heightened probative value with respect to the nature of the scheme and should be admitted at trial should the United States seek to introduce it. At the least, the Court should allow the United States to introduce evidence of payments of $5,500 and $7,000 from the defendant to Greenberg in November 2017, as well as evidence of the defendant's $1,000 donation for Greenberg to a political campaign on or about April 28, 2017.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Chauncey A. Bratt*
Chauncey A. Bratt
Assistant United States Attorney
USAO No. 174
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: chauncey.bratt@usdoj.gov

10

**U.S. v. MICHAEL COURTNEY SHIRLEY     CASE No. 6:22-cr-123-CEM-DCI**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Warren W. Lindsey, Esq.
    Attorney for Defendant

    */s/ Chauncey A. Bratt*
    Chauncey A. Bratt
    Assistant United States Attorney
    USAO No. 174
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone: (407) 648-7500
    Facsimile: (407) 648-7643
    E-mail: chauncey.bratt@usdoj.gov