**Even 2110 First Street, Suite 3-137**
**Fort Myers, Florida 33901**
**239/461-2200**
**239/461-2219 (Fax)**

**300 N. Hogan Street, Suite 700**
**Jacksonville, Florida 32202**
**904/301-6300**
**904/301-6310 (Fax)**



**35 SE 1st Avenue, Suite 300**
**Ocala, Florida 34471**
**352/547-3600**
**352/547-3623 (Fax)**

## U.S. Department of Justice
### *United States Attorney*
### *Middle District of Florida*
——————

**400 West Washington Street, Suite 3100**
**Orlando, Florida 32801**
**407/648-7500**
**407/648-7643 (Fax)**

**Main Office**
**400 North Tampa Street, Suite 3200**
**Tampa, Florida 33602**
**813/274-6000**
**813/274-6358 (Fax)**

---

Reply to: Orlando, FL                                                                                              ASD

October 18, 2022

**VIA E-MAIL**

Warren Lindsey, Esq.
Lindsey, Ferry & Parker, P.A.
341 N. Maitland Avenue, Suite 130
Maitland, FL 32751

      Re: *United States v. Michael Courtney Shirley,*
        Case No. 6:22-cr-00123

Dear Mr. Lindsey:

      In connection with the above-captioned case and pursuant to Federal Rule of
Criminal Procedure 16(a) and the Criminal Scheduling Order (hereinafter referred to
as the "CSO"), please be advised that the United States produced documents and
other items to you in the above-captioned case through the electronic discovery
platform "USA File Exchange." **Please note that you must access and download
those documents and items within 60 days**.

      Please be advised that we have redacted some of the information contained in
the documents. Should you ever wish to review any of the discovery materials in
their original form, or to inspect my file at the United States Attorney's Office, please
contact me and I will schedule an appointment for you. If there are any other
materials that you feel that you are entitled to and have not yet received, including
any other items referenced in the discovery materials themselves, please contact me
so that I may obtain copies on your behalf.

Warren Lindsey, Esq.
October 18, 2022
Page 2

Please be advised that we have made diligent efforts to collect all discovery responsive to the scheduling order at Doc. 21 in this case. Two of the witnesses in this case, Joel Greenberg and Joseph Ellicott, have pled guilty to in cases 6:20-cr-97 and 6:22-cr-9 (respectively). The discovery disclosure in this case includes some of the materials from those two cases. However, should you determine that additional items in the discovery from either of those two cases is relevant or necessary to your review or defense of this case, please contact me and I will schedule an appointment for you to review those materials.

Finally, please also be advised that due to the volume of discovery in this case, we have not redacted all of the confidential personal identifying information contained in the documents. Please do not file, publicly post, or provide any documents containing confidential personal information to your client without first redacting that information, or allowing us the opportunity to do so.

In accordance with the CSO and pursuant to Fed. R. Crim. P. 16(a), please be advised of the following:

## 1. Oral Statements of the Defendant

With respect to the substance of any oral statement which the government intends to offer in evidence at trial made by the defendant, before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent, please be advised that any such statement is included in the enclosed production.  If we learn of any other oral statements made to known government agents that we intend to offer in our case-in-chief, we will supplement our production to the extent required by the Criminal Scheduling Order and Fed. R. Crim. P. 16(c).

## 2. Written or Recorded Statements of the Defendant

With respect to any relevant written or recorded statement by the defendant that is in the government's possession, custody, or control, please be advised that any such statement is included in the enclosed production.

No grand jury testimony has been provided by the defendant.

Warren Lindsey, Esq.
October 18, 2022
Page 3

### 3.    Prior Record

The defendant's prior criminal history, if any, has been included in the enclosed production at Bates No. 20592

### 4.    Documents and Tangible Objects

Also included in the production are documents, bates labeled from 0001 to 20595.  With regard to the enclosed materials, any evidence referenced in those materials, and any materials seized during the course of the investigation, they are available for you to inspect upon reasonable notice.  If you feel your copy of these materials is missing something, or if you wish to inspect the originals of these materials, review anything referenced in these materials, or review any evidence seized in any search executed in this case, please feel free to call me to arrange a meeting and inspection.

As we obtain additional items, we will supplement our production to the extent required by the Criminal Scheduling Order and Fed. R. Crim. P. 16(c).

### 5.    Reports of Examinations and Tests

Documents related to a handwriting analysis are included in the enclosed production.  If any additional examination or test is conducted in the future, we will supplement our production to the extent required by the Criminal Scheduling Order and Fed. R. Crim. P. 16(c).

### 6.    Expert Witnesses

As of this date, the Government anticipates that it will call the following expert witnesses in the presentation of its case-in-chief:

a.    FSD Examiner Mary O'Brien: This witness analyzed the handwriting samples. She will testify as to her analysis and the results. Her Curriculum vitae is included in the materials on USA File Exchange at Bates Nos.:20589-20591.

Please note that we reserve the right to argue that any witness may testify without having to satisfy the requirements for expert testimony as set forth by the Federal Rules of Evidence.  Nevertheless, if we identify any other expert witnesses,

Warren Lindsey, Esq.
October 18, 2022
Page 4

we will supplement our production to the extent required by the Criminal Scheduling Order and Fed. R. Crim. P. 16(c).

### 7.    Electronic Surveillance

Electronic surveillance was not used in the course of the investigation of this case.

### 8.    Rule 404(b) Evidence

At this point we do not intend to introduce any evidence pursuant to Federal Rule of Evidence 404(b). Please note, however, that we do intend to introduce evidence of the defendant's additional payments to Joel Greenberg as well as his financial contributions to political campaigns from his personal Wells Fargo bank account ending in 0750, including but not limited to payments made between May 2017 and March 2018.This evidence is inextricably intertwined with the charged conspiracy at issue here. *See United States v. McNair*, 605 F.3d 1152, 1204 (11th Cir. 2010).  We do not consider this evidence 404(b) evidence.

Nevertheless, we designate these additional payments as admissible under Federal Rule of Evidence 404(b), in an abundance of caution. If considered to be Rule 404(b) evidence, such evidence will be introduced to show the defendant's intent, motive, knowledge, plan, and absence of mistake or accident. *See Id.*

If we identify any additional Rule 404(b) evidence, we will supplement our production to the extent required by the Criminal Scheduling Order and Fed. R. Crim. P. 16(c).

### 9.    Confidential Informants

No confidential informants were used in investigating this case. As stated above, cooperating witnesses were used during the investigation of this case.

### 10.    Conflict of Interest

The United States is aware of its obligation with regard to conflicts of interest and has filed a Notice of Possible Conflict of Interest in this case.

### 11.    Photo Identification

We are unaware of any photo identification being used in this case.

Warren Lindsey, Esq.
October 18, 2022
Page 5

### 12.    Evidence Seized by Warrant

No evidence was seized from the Defendant by warrant in connection with this case.

### 13.    Reciprocal Discovery

Pursuant to Fed. R. Crim. P. 16(b), the United States requests the following:

a.    Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.  Fed. R. Crim. P. 16(b)(1)(A).

b.    Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.  Fed. R. Crim. P. 16(b)(1)(B).

c.    A written summary of testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications.  Fed. R. Crim. P. 16 (b)(1)(C).

d.    Notice of any alibi defense, insanity defense, or public authority defense.

To be effective and capable of being accepted, plea offers from the United States must be in writing and contain all terms of the offer in a proposed written plea agreement.  Oral communications regarding a potential plea are merely preliminary plea discussions and do not constitute a formal plea offer from the United States.

If you are missing any of the above-referenced materials, or if you have any difficulty accessing any of the materials on the discovery disc, please advise me immediately.  Should you have any questions concerning any of the foregoing or wish to discuss this matter further, please do not hesitate to contact me at ██████████.  In addition, if you have reason to think that there is discovery material to which the defendant is entitled but which has not been provided, please

Warren Lindsey, Esq.
October 18, 2022
Page 6

do not hesitate to contact me so that we may try to resolve the issue as soon as possible.

Sincerely,

Roger B. Handberg
United States Attorney

By:   */s/ Amanda Daniels*
Amanda Daniels
Assistant United States Attorney