**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**  Case No: 6:22-cr-123-GAP-DCI

**MICHAEL COURTNEY SHIRLEY**

### ORDER

This cause came on for consideration without oral argument on Defendant's Motion to Dismiss (Doc. 45). The Court has also considered the Government's Response in Opposition (Doc. 52).

On August 10, 2022, a grand jury returned a five-count indictment charging Defendant Michael Courtney Shirley ("Defendant") with honest services fraud and conspiracy to commit honest services fraud in violation of 18 U.S.C. §§ 1343 and 1346. *See* Doc. 1. The Government alleges that, beginning in or about January 2017 and continuing through 2019, the Defendant conspired with a public official to defraud the Seminole County Tax Collector's Office through inflated contracts and a scheme of bribes and kickbacks. *See id.* at 2-3; *see also* Doc. 52 at 1-2. Four counts also charge the Defendant with wire fraud for receiving and withdrawing tens of thousands of dollars through the scheme to "fraudulently depriv[e] the public of the right to honest services of the Public Official." Doc. 1 at 6-7.

Defendant filed the instant Motion to Dismiss on May 31, 2023, arguing that 18 U.S.C. § 1346's definition of a "scheme or artifice to defraud" to include "a scheme or artifice to deprive another of the intangible right of honest services" is unconstitutionally vague. Doc. 45 at 1. The Defendant challenges the constitutionality of § 1346 on its face and as applied. Doc. 45 at 18. In his motion, however, Defendant concedes that his position is contrary to binding precedent from the Supreme Court.[1] *Id.* at 2, n. 1. He is correct.

The Supreme Court has determined that, although "there was considerable disarray over the statute's application to conduct outside that core category," § 1346 has been "dominantly and consistently applied…to bribery and kickback schemes." *Skilling v. United States*, 561 U.S. 358, 405 (2010). Therefore, "[i]nterpreted to encompass only bribery and kickback schemes, § 1346 is not unconstitutionally vague" and Defendant's facial challenge fails. *Id.* at 412.

Defendant's as-applied challenge fares no better. Courts have held that *quid pro quo* kickbacks to a government official is within the core of honest services fraud. *Id.* ("It has always been 'as plain as a pikestaff that' bribes and kickbacks constitute honest-services fraud."); *see also U.S. v. Langford*, 647 F.3d 1309, 1321 (11th Cir. 2011) ("[T]he paradigm case of honest services fraud is the bribery of a public official.").

---

[1] Acknowledging this precedent, Defendant filed his motion to dismiss to preserve the issue for appellate review. Doc. 45 at 2, n. 1.

The Government has pled that Defendant received favors from a government official in exchange for kickbacks (cash) paid to the Seminole County Tax Collector. Doc. 1 at 2-7. "This 'classic' bribery and kickback scenario…is squarely within the range of conduct that Congress aimed to prohibit through the passage of § 1346." *U.S. v. Nelson*, 712 F.3d 498, 509 (11th Cir. 2013). As the Supreme Court made clear in *Skilling*, "[a] criminal defendant who participated in a bribery or kickback scheme…cannot tenably complain about prosecution under § 1346 on vagueness grounds." 561 U.S. at 413.

The indictment sufficiently pleads honest services fraud, consistent with due process.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. 45) is hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2023.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant