**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**       **CASE NO.: 6:22-CR-123-GAP-DCI**

V.

**MICHAEL SHIRLEY,**
_____/

**SENTENCING MITIGATION MEMORANDUM AND REQUEST**

**FOR DEPARTURE AND /OR VARIANCE**

**COMES NOW,** the undersigned counsel on behalf of, MICHAEL SHIRLEY, and respectfully submits the following request and Sentencing Mitigation Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure, the Federal Sentencing Guidelines, Title 18 U.S.C. § 3661 and 18 U. S. C. § 3553.

Rule 32(c ) sets forth the requirements of the presentence investigation and the resolution of any disputes by findings of fact and conclusions of law. Title 18 U.S.C. §3661 states that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence". Title 18 U.S.C. 3553, sets forth the appropriate sentencing factors the court should consider both in relationship to the personal characteristics of the Defendant and the offense as well as the Federal Sentencing Guidelines. The general text for the Federal Sentencing Guidelines should be considered but is advisory.

On August 10, 2022, a federal grand jury in Orlando, Florida, returned a five count Indictment in the above referenced case. This Indictment charged Mr. Shirley with count one Conspiracy to Commit Wire Fraud and Honest Servies Fraud in violation of Title 18, United States Code, Section

1343 and 1346. Counts two trough five the Defendant was charged with specific dates of Committing Honest Services Fraud for various amounts of currency in violation Title 18, United States code, Section 1343 and 1346. On July 27, 2023, Mr. Shirley was convicted on all five counts after a four-day jury trial. The sentencing hearing is set for February 21, 2023, in this Honorable Court.

In 2016, Joel Greenberg was elected as Seminole County Tax Collector for the Seminole County Tax Collector's Office, a local governmental agency of Seminole County, Florida. Michael Courtney Shirley was hired in January 2017 by the Government Agency. Mr. Shirley also operated a business called Praetorian Integrated Services LLC. On January 3, 2017, Praetorian entered into a contract to provide consulting services to the Governmental Agency. Mr. Shirley signed the contract on behalf of Praetorian. Mr. Greenburg signed the contract on behalf of the Governmental Agency and was the official from the Governmental Agency who decided to enter into the contract. The terms of the consulting agreement included that the Tax Collector would pay Mr. Shirley $12,500.00 each month for providing transition services and third party services, among other services to the Tax Collectors Office. Michael Shirely was hired in January 2017 by the Governmental Agency.  Mr. Shirley was responsible for printing services for the Governmental Agency and submitted invoices for the printing services. A company called Aries Consulting Group took care of the work involved in the printing for the Governmental Agency as requested by Mr. Shirley. An invoice from Aries Consulting Group was submitted to Praetorian for the printing services.  The Defendant would adjust the printing invoices to reflect a mark up in price. In addition to the evidence regarding the invoices, Mr. Shirley was convicted of a scheme to pay a bribe and kickback to the Public Official. Joseph Ellicott reported that the Public Official contacted Mr. Ellicott and asked him to pick up $6,000.00 from Mr. Shriley. The pick-up of the cash was

coordinated via text message with Mr. Shirley. During trial testimony, Mr. Ellicott stated that he drove to Mr. Shirley's office and picked up $6,000.00. Mr. Ellicott testified that when he arrived at Mr. Shirley's office, in addition to the cash, Mr. Shirley handed him an agreement to purchase 10% of Mr. Ellicott's company for $5,000.00. Mr. Ellicott testified he then took the cash given to him by Mr. Shirley, provided it to the Tax Collector. The Public Official's bank records show that on September 28, 2017, the Public Official deposited $6,020.00, which he split in half into his two personal accounts at Fairwinds Bank. The investigation revealed that Mr. Shirley continued to invoice the Governmental Agency for his $12,500.00 monthly fee every month until September 2019. Because of budget constraints, sometime after September 2017, the Governmental Agency began to decrease consultant and contractor fees resulting in the cancellation of some contracts and a decrease in the amount of payment to others.  In January 2017, an employee of the Governmental Agency located a property in Winter Springs, Florida, that was listed for sale and identified this property as a potential location of operation for the Government Agency. The employee contacted the real estate agent who had listed the property and learned that the property was for $770.000.00, but that the seller would be willing to accept $690,000.00 for the property. The employee relayed this information to the Public Official on February 22, 2017, via messages on social media and emails.

2. **DEFENDANT'S BACKGROUND**

Mr. Shirley was born on June 15, 1983, in Winter Park, Florida. The Defendants parents live in Deltona, Florida. The Defendant grew up in a loving home and had a really nice childhood. The Defendant had a s significant injury to his hand as a child and had part of a finger amputated. The

defendant reported he is very close with his parents and is the only child. Mr. Shirley is not married and has no children. In addition to Florida, the Defendant has resided in Texas, Alaska, and Iowa.

The Defendant graduated High School from Bishop Moore Catholic High School in Orlando. The Defendant has an Associates Degree from Seminole State College. Mr. Shirley went on to earn his Bachelor of Science Degree from the University of Central Florida.

Mr. Shirley is in good physical and mental health. The Defendant has the support of his family and many friends. There are character letters the defense has filed with the Honorable Court.

3. **GUIDELINE CALCULATIONS**

The United State Sentencing Guidelines calculations result in Mr. Shirley being scored at criminal history category 1, because he has no criminal history whatsoever, and a total offense level 30. The offense level rose significantly as a result of the calculated loss by the Government in the amount of $634,8226.00 and the determination that the offense involved a "high level decision maker". The guideline imprisonment range is therefore 97 to 121 months according to the Government. The guidelines are advisory and only one factor that the Court should consider in fashioning a fair and reasonable sentence that accomplishes the goals of Title 18, USC, Section 3553. The Defendant has filed objections to the scoring, as well as facts contained within the presentence report.

4. **GUIDELINE ANALYSIS, DEPARTURES AND VARIANCES**

A. **Deferral to the guidelines alone is unreasonable.**

In Mr. Shirley's case, simply deferring to the guidelines results in an unfair and

unreasonably harsh sentence. Mr. Shirley's background, including his professional background and status as a model citizen, calls for a lesser sentence. Mr. Shirley is asking this Court to look at all of the §3553 factors before determining his appropriate sentence.

### B.    Post offense actions

Mr. Shirley exercised his constitutional right to go to trial and have a jury decide if he is guilty. Mr. Shirley has a good faith basis for going to trial and should not be punished more severely for making that decision. The Defendant respects the verdict of the jury. However, there is an honest disagreement as to the Defendants position and the position of the Government.

### C.    The loss amount is overstated

Mr. Shriley's guideline calculation has been increased by 14 levels as a result of the loss amount. This increased Mr. Shirley's advisory guidelines from level 12 to level 26. The amount of loss should be lowered and "offset" by the fact that he earned the $12,500.00 per month for work he did. The loss amount should be $43,990.00 which is the amount of marked up invoices plus $6,000.00 which is the amount of the kickback. The rest of the amount is money he earned and should be offset from the total. It should be a six level enhancement. The amount of loss is $49,990.00 a 6 level enhancement.

### D.    Other §3553 factors to consider.

It is respectfully requested that this Honorable Court also consider the following in mitigation of the sentence pursuant to Title 18 USC § 3553(a).

1. **The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law and to provide just punishment**.

Mr. Shirley understands and has accepted the fact that he was convicted of serious criminal offenses. Mr. Shirley has no prior criminal history and has therefore never served an incarceration sentence and any amount of time in a federal penitentiary will certainly reflect the seriousness of the offense. Additionally, the fact thar Mr. Shirley's parents, with whom he loves and cares for will make any sentence particularly difficult as he will miss important portions of their remaining lives. Mr. Shirley understands that this is true for many criminal Defendants and that sentencing is often as difficult for the family of the Defendant as it is for the Defendant. However, this does not diminish the fact that any time away from his family in prison is a significant punishment. As a result of his conviction and sentencing, Mr. Shirely will be a convicted felon, which will follow him for the rest of his life and limit his ability to find suitable work and support himself. Mr. Shriley has spent his working career in the business world. Additionally, Mr. Shirley will have a substantial money judgment against him most probably for the remainder of his life. He will likely be unable to purchase a home, obtain credit, or find employment commensurate to his education and experience. The financial impact of this case alone is enough to provide appropriate punishment. However, when you couple the personal difficulty of any incarceration sentence with the financial impact it is clear that a relatively brief period of incarceration is more than sufficient to promote respect for the law and adequate punishment.

2. **To afford adequate deterrence**.

Society is aware of the significant penalties for financial crimes such as this. Even a brief

incarceration sentence will adequately deter any citizen, particularly a person such as Mr. Shirley from committing any criminal acts, should they become aware of his sentence. An extensive prison sentence is simply not needed to accomplish this sentencing goal.

3. **To protect the public from further crimes of the Defendant**.

Mr. Shirley presents a low risk of future harm to society. The Defendant does not have a a history of criminal behavior of any type and this experience has impacted him in a way that should make the Court comfortable that he will not be before a criminal court as a Defendant again in his lifetime.

4. **Family support**.

Mr. Shirley has the support of his parents. Also he has many friends that stand by him and support him.

5. **Employment**

The Defendant has had multiple jobs throughout the years. He has owned his own companies from 2012 to 2022. He is currently unemployed because of the case.

6. **Additional Relief**

Mr. Shirley respectfully requests the court permit him to report to serve his sentence, and not be remanded on the date of his sentencing. Mr. Shirley has been aware of this matter pending since 2022, and has always appeared when and where required.

## CONCLUSION

Based on the social and legal information presented herein, a relatively brief sentence of incarceration, followed by supervised release, is adequate to meet the goals of justice in this case, is not more than necessary and is reasonable to meet the requirements of the sentencing guidelines and statutory provisions of 18 U.S.C. § 3553.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 14, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Office of the United States Attorney, further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following: none.

/s/ Michael W. Nielsen, Esquire
_____
MICHAEL W. NIELSEN, ESQUIRE
NIELSEN LAW FIRM.
720 West State Road 434
Winter Springs, Florida 32708
(407)327-5865 [FAX(407)327-0384]
Attorney for Defendant
Florida Bar No.: 0794392
nielsenlaw@cfr.rr.com