UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:22-cr-123-GAP-DCI

MICHAEL COURTNEY SHIRLEY

**UNITED STATES' RESPONSE IN OPPOSITION TO
MOTION TO STAY SENTENCE**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby responds in opposition to the defendant's motion to stay sentence, Doc. 148. The defendant has failed to meet his burden for relief. First the defendant's motion should be considered a motion for reconsideration. Under the applicable legal standard for such a motion, the defendant has failed to meet his burden for relief. Second, even if the court were to consider the defendant's motion under the standards set forth in 18 U.S.C. § 3143(b) (release of a defendant pending appeal), the defendant has also failed to meet his burden for relief. For these reasons, the Court should deny the defendant's motion to stay his sentence at Doc. 148.

**I.    Procedural and Factual Background**

On August 10, 2022, a federal grand jury returned an Indictment charging the defendant with one count of conspiracy to commit honest services fraud, in violation of 18 U.S.C. § 1349 (Count One), and five counts of honest services fraud, in violation of 18 U.S.C. §§ 1343 and 1346 (Counts Two through Five). Doc. 1. The

defendant's trial on these charges began on July 24, 2023. Doc. 71. The jury found the defendant guilty of all charges on July 27, 2023. Doc. 83. The defendant's sentencing hearing was held over two days, beginning on February 22, 2024, and finishing on February 27, 2024. Docs. 131, 134. Near the end of his sentencing hearing, the defendant, through his attorney, requested that he be allowed to remain at liberty pending the completion of his appeal. During his allocution, the defendant himself requested the same. The Court denied the defendant's request, but allowed the defendant to remain at liberty until he received his designation from the Bureau of Prisons, at which time the Court instructed the defendant that he was required to report to his designated facility by 2:00 p.m. within 10 days of receiving the notice of designation, *see also* Doc. 139 at 2.

The defendant filed the instant motion on March 14, 2024, renewing his request to remain at liberty pending his appeal by staying the imposition of his sentence, Doc. 148. In his motion the defendant adopts all arguments previously made in his motion for new trial at Doc. 93 and his motion for judgment of acquittal at Doc. 94., both of which this Court denied at Doc. 108. The defendant argues, "[t]hat if the substantial questions of law and fact are determined in the favor of Mr. Shirley there is likelihood that that his case would be reversed or an order for a new trial on all counts would be entered on appeal." Doc. 148 at 2.

II.     **Legal Analysis**

The defendant failed to meet his burden for relief and the Court should deny his motion to stay the imposition of sentence. First, the relief sought has already been

requested and denied. As such, the defendant's instant motion should be considered a motion for reconsideration of the Court's prior ruling. Under the standard for motions to reconsider, the defendant has not met his burden and his motion should be denied. Even if the Court were to consider this motion under 18 U.S.C. § 3143(b), the defendant has still failed to meet his burden for relief and his motion should be denied, as set forth below.

    a. **The defendant has failed to meet the burden for a motion to reconsider.**

The defendant has failed to meet his burden under the standard for motions to reconsider because the defendant has failed to show that there has been an intervening change in controlling law, newly discovery evidence, or clear error or manifest injustice. As such, the Court should deny the defendant's motion.

There is no Federal Rule of Criminal Procedure that governs motions for reconsideration. *See generally* Fed. Rs. Crim. Pro.; *see also United States v. Sencan*, No. CRIM. 13-0117-CG, 2013 WL 6237455, at *3 (S.D. Ala. Dec. 3, 2013). However, such motions are typically permitted and evaluated under the same standards used in civil cases. *Id.* (citations omitted). Sister courts in this district have held that a motion for reconsideration is appropriate where there is an intervening change in controlling law, newly discovered evidence, or a clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *Bright v. City of Tampa*, No. 8:20-CV-1131-CEH-JSS, 2022 WL 1210870, at *3 (M.D. Fla. Apr. 25, 2022); *Watkins v. Fox*, No. 8:21-CV-2022-SDM-CPT, 2024 WL 262686, at *2 (M.D. Fla. Jan. 24, 2024).

Here the defendant failed to meet his burden for reconsideration. As stated, at sentencing the defendant made the same request for the relief he now seeks in the instant motion at Doc. 148. The defendant made the request both through his attorney and during his own allocution. *See* Doc. 134. The Court denied the request. Accordingly, this motion should be considered a motion for reconsideration of the Court's prior ruling. Under that standard, the defendant has failed to meet his burden. The defendant has not established, or even alleged, that there has been an intervening change in controlling law, newly discovered evidence, or a clear error or manifest injustice in the Court's denial of his request to remain at liberty pending his appeal. Because the defendant has failed to establish that any of these three conditions exist here, he has failed to meet his burden for reconsideration of this Court's prior ruling and his motion should be denied.

**b. The defendant has failed to meet his burden under 18 U.S.C. § 3143(b).**

Were the Court to consider the defendant's motion under 18 U.S.C. § 3143(b), the defendant has still failed to meet his burden for relief. Specifically, the defendant fails to demonstrate that his appeal raises a substantial question of law or fact and that if a substantial question is determined favorably for the defendant on appeal, the decision is likely to result in a reversal or an order for a new trial on all of the counts for which imprisonment was imposed. For these reasons, the Court should deny the defendant's motion.

Section 3143(b) lays out the requirements for release pending appeal. Under 18 U.S.C. § 1343(b):

> The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985), the Eleventh Circuit provided a definition for the term "substantial question. There the Court held, per curiam, that a "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* at 901. The Court went on to say that whether a question is substantial must be determined on a case-by-case basis. *Id.* The Court in *Giancola* also noted that under 18 U.S.C. § 3143, the Eleventh Circuit presumes that detention is valid despite a pending appeal, and a defendant bears the burden of establishing the statutory factors to overcome this presumption. *Id.; see also United States v. Moise*, No. 319CR20S1MMHMCR, 2022 WL 3867785, at *1 (M.D. Fla. Aug. 30, 2022).

    In determining whether a defendant has met his burden of showing that his appeal raises a substantial question, sister courts in this district have looked to the specific issues on identified for appeal. *See Moise*, 2022 WL 3867785 at *1 (discussing whether the prosecutor's comment during the government's closing argument raised

5

a substantial question of law or fact on appeal); *United States v. Chi*, No. 8:22-CR-0270-KKM-TGW, 2022 WL 2441047, at *1 (M.D. Fla. July 5, 2022) (discussing if a substantial question was raised where the defendant's appeal alleged that the Court erred by using the application notes to USSG § 2B1.1 to calculate the losses that his victims suffered). In addition to considering the specific arguments that the defendant raised or intends to raise on appeal, sister courts in this district have examined whether the issue raised is a close question or one that could have very well been decided the other way. In both *Moise* and *Chi*, the District Courts reviewed the applicable case law to determine whether the respective issues raised were "close" questions that very well could have been decided another way. *See Moise*, 2022 WL 3867785 at *1; *Chi*, 2022 WL 2441047 at *1.

  Here, the defendant has failed to meet his burden under 18 U.S.C. § 3143(b) because he has failed to demonstrate that an issue raised on appeal or that he intends to raise on appeal presents a substantial question. In his motion, the defendant states that he has appealed "his convictions/sentence/conviction and sentence. 144." Doc. 148 at 1. The defendant goes on to argue that "[t]his motion is not for the purposes of delay and raises substantial questions of law and fact as set forth in the Motion for New Trial and Motion for Acquittal." Doc. 148. A review of the docket shows that the defendant has filed a notice of appeal but has not yet filed any corresponding brief that identifies a specific basis or legal support for his appeal. *See* Doc. 144; *see also United States v. Shirley*, No. 24-10672 at Doc. 1-1 (USCA11).

As stated above, sister courts in this district have looked to the specific issues identified for appeal. In *Moise*, for example, the defendant specifically identified, and the court considered, whether the prosecutor's comment during the government's closing argument raised a substantial question of law or fact on appeal. 2022 WL 3867785 at *1. Similarly, in *Chi*, the defendant identified, and the Court considered, whether its use of the application notes to USSG § 2B1.1 to calculate the victims' losses presented a substantial question of law or fact. 2022 WL 2441047 at *1. In both *Moise* and *Chi*, the District Court reviewed the applicable case law to determine whether the respective issues raised were "close" questions that very well could have been decided another way. *See Moise*, 2022 WL 3867785 at *1; *Chi*, 2022 WL 2441047 at *1.

Here, unlike the defendant's in *Moise* and *Chi*, the defendant fails to identify a specific issue that he believes is a substantial question of law or fact. In his motion, the defendant points to the denial of his motions for new trial at Doc. 93, and for judgment of acquittal at Doc. 94, as presenting a substantial question on appeal. Doc. 148. The defendant's motions at Docs. 93 and 94, however, simply renewed many of the objections made during trial and contained scant, if any, legal support for the assertions made therein. *See* Docs. 93, 94. The defendant fails to identify which of these specific issues he believes was a close question that could have very well been decided the other way and what legal support exists for that assertion. As the United States outlined in its response to these motions at Docs. 105 and 106, the Court's rulings on each of the objections related to these issues were supported by

7

case law, which was cited throughout the United States' responses at Docs. 104, 105 and the Court's written order at Doc. 108. Without more, the defendant has failed to establish that the Court's ruling on these motions raises a substantial question of law or fact and so has failed to meet his burden for relief.

In sum, the defendant has failed to establish that his appeal raises a substantial question of law or fact, or that if a substantial question is determined favorably for the defendant on appeal, the decision is likely to result in a reversal or an order for a new trial on all of the counts for which imprisonment was imposed. The defendant does not identify any specific issue or any legal support for his argument that this Court's denial of his motions for new trial at Doc. 93, and for judgment of acquittal at Doc. 94 raises a substantial question of law or fact likely to be reversed on appeal. For these reasons, the defendant has not met his burden, and his motion to stay the imposition of sentence at Doc. 148 should be denied.

### III. Conclusion

The defendant has failed to meet his burden for relief. First, the defendant's motion should be considered a motion for reconsideration because the relief sought in the motion was previously requested and denied by this Court. Under the standard for motions to reconsider, the defendant has not met his burden for relief and the Court should deny his motion. Even if the Court were to consider the defendant's motion under standard for release pending appeal in 18 U.S.C. § 3143(b), the defendant has nonetheless failed to meet the burden under that standard as well. For

these reasons, the United States respectfully asks the Court to deny the defendant's motion to stay the imposition of sentence at Doc. 148.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Amanda S. Daniels*
      Amanda S. Daniels
      Assistant United States Attorney
      Florida Bar No. 111444
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7500
      Facsimile: (407) 648-7643
      E-mail: amanda.daniels@usdoj.gov

U.S. v. MICHAEL SHIRLEY                  Case No. 6:22-cr-123-GAP-DCI

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    H. Kyle Fletcher, Esq.

                                    /s/ *Amanda S. Daniels*
                                    Amanda S. Daniels
                                    Assistant United States Attorney
                                    Florida Bar No. 111444
                                    400 W. Washington Street, Suite 3100
                                    Orlando, Florida 32801
                                    Telephone:   (407) 648-7500
                                    Facsimile:   (407) 648-7643
                                    E-mail:        amanda.daniels@usdoj.gov