UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                        **CASE NO: 6:22-cr-123-GAP-DCI**

**MICHAEL COURTNEY SHIRLEY**

## ORDER

This cause came before the Court for consideration without oral argument on Defendant's Motion to Stay Sentence (Doc. 148). The Court has also considered the Government's Response in Opposition (Doc. 151).

### I. Background

On August 10, 2022, a federal grand jury returned a five-count indictment against Defendant Michael Courtney Shirley ("Defendant"). Doc. 1. He was charged with one count of Conspiracy to Commit Honest Services Fraud under 18 U.S.C. § 1349, and four counts of Honest Services Fraud under 18 U.S.C. §§ 1346 and 1349. *Id.* at 1-7. On July 27, 2023, Defendant was found guilty on all charges following a jury trial. Doc. 83.

Defendant filed Motions for New Trial and Judgment of Acquittal on August 10, 2023. Doc. 93; Doc. 94. The Court denied both motions, holding that the Government produced ample evidence for the jury to conclude he was guilty of the alleged offenses. *See* Doc. 108 at 3-7, 16. Moreover, the Court found that Defendant's

arguments for a new trial—namely that the Court erred during *voir dire* and in allowing the testimony of Joseph Ellicott ("Ellicott")—were unavailing. *Id.* at 7-16.

After being continued twice, Defendant's sentencing hearing was conducted on February 22, and February 27, 2024. Doc. 131; Doc. 134; *see also* Doc. 117; Doc. 124. Defendant was sentenced to 87 months imprisonment followed by two years of supervised release and ordered to pay restitution to Seminole County in the amount of $536,402.33.[1] *See* Doc. 139. On March 14, 2024, Defendant moved to stay reporting to prison and the Government responded in opposition on March 21, 2024. Doc. 151. The matter is ripe for adjudication.

## II. Legal Standard[2]

Pursuant to 18 U.S.C. § 3143(b)(1), a court must detain a defendant who has been found guilty of an offense and sentenced to a term of imprisonment unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

---

[1] Defendant was also assessed a $500.00 special assessment. Doc. 139 at 5.

[2] Defendant points to Federal Rule of Criminal Procedure 38 for the proposition that the Court may stay his sentence pending appeal "on any terms considered appropriate." Doc. 148 at 1. However, Defendant does not cite to a specific subsection of the rule and those subsections which do reference the Court's authority to stay a sentence on "terms considered appropriate" apply only to fines, restitutions, and disability sentences—not imprisonment. *See* Fed. R. Crim. P. 38(c), (e), (g). The Court recognizes, however, that if it denies Defendant's Motion, Rule 38(b)(2) allows the Court to "recommend…that [he] be confined near the place of the trial or appeal…to assist in preparing the appeal."

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Eleventh Circuit has defined a "substantial question of law or fact" as "one of more substance than would be necessary to a finding that it was not frivolous." *U.S. v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *see also U.S. v. Jett*, 2018 WL 10374772, *1 (M.D. Fla. Mar. 27, 2018). "It is a 'close' question or one that very well could be decided the other way." *Id.* Whether an appeal raises a "substantial question" must be determined on a case-by-case basis. *Id.* The defendant bears the burden of establishing the § 3143(b) factors. *Id.*

**III.   Analysis**

In his Motion to Stay Sentence, Defendant makes little effort to substantiate his position. *See* Doc. 148. First, nowhere in his Motion does Defendant identify any specific issue or legal support for his contention that his appeal presents a "substantial question." *See* Doc. 148. Apart from an inapposite reference to Rule 38 and a conclusory nod to *Giancola*,[3] Defendant undertakes no legitimate attempt to legally or factually support his motion. *See id.* Defendant simply argues that his

---
[3] *U.S. v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

motion is not for the purpose of delay and points to "substantial questions of law and fact" raised in his Motions for New Trial and Judgment of Acquittal. *Id.* at 2. The Government counters that Defendant has failed to carry his burden under § 3143(b) because he has not raised an issue on appeal which presents a "substantial question."[4] Doc. 151 at 4-8.

As this Court recounted in its Order denying Defendant's Motion for Judgment of Acquittal, the Government presented ample evidence for a jury to reasonably convict the Defendant. Doc. 108 at 3-7. Defendant has presented no authority for his assertion that his prior arguments present a "close question" in any regard and the Court finds that they do not. *See Giancola*, 754 F.2d at 901; *see also U.S. v. Langford*, 647 F.3d 1309, 1320-22 (11th Cir. 2011).

Likewise, Defendant's Motion for New Trial failed to raise a substantial legal issue that would sustain a favorable appeal. *See Giancola*, 754 F.2d at 901. Indeed, Defendant alleged nothing that approached an abuse of discretion by this Court during *voir dire* and presented no law—and presents none now—that would support an inference that this Court committed reversable error.[5] *See* Doc. 93; 108

---

[4] The Government argues that, because he already requested—and was denied—the relief prayed for, Defendant's Motion should be analyzed as a motion for reconsideration. Doc. 151 at 2-4; *see also* Doc. 148 at 2. However, because Defendant has made no such express request and has plainly not presented any persuasive argument under that standard, the Court proceeds with a review on the merits under 18 U.S.C. § 3143(b) for the sake of judicial efficiency.

[5] *See United States v. Lewis*, 40 F.4th 1229, 1242 (11th Cir. 2022) (The Eleventh Circuit "ha[s] recognized that there are few aspects of a jury trial where [it] would be less inclined to disturb a

at 8-10; *see also* Doc. 148. Moreover, Defendant's position regarding Ellicott's testimony is refuted by binding Eleventh Circuit case law[6] for which he has failed to proffer any credible rebuttal. *See* Doc. 93; Doc. 108 at 10-16; Doc. 148 at 2.

In short, and despite his conclusory statements to the contrary, Defendant's Motion to Stay Sentence raises no substantial question of law or fact likely to result in reversal, an order for a new trial, or an altered sentence, and therefore his motion must be denied.[7] *Giancola*, 754 F.2d at 901; *see also Jett*, 2018 WL 10374772 at *1-*2.

## IV. Conclusion

Accordingly, it is **ORDERED** that Defendant's Motion to Stay Sentence is hereby **DENIED**.

---

trial judge's exercise of discretion than in ruling on challenges for cause in [the] empaneling of a jury.").

[6] The Court also relied upon *United States v. Feliciano-Francisco*, an unpublished Eleventh Circuit opinion, to support its holding that it is proper to call a witness where they only invoke their privilege against self-incrimination in a narrow subset of questions. 701 F.App'x 808, 813-14 (11th Cir. 2017). However, *Feliciano-Francisco* relied upon a decision from the former Fifth Circuit, which, prior to 1981, is binding upon courts in the Eleventh Circuit. *See United States v. Lacouture*, 495 F.2d 1237, 1240 (5th Cir. 1974); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

[7] Defendant has similarly failed to carry his burden of demonstrating by clear and convincing evidence that he is not a danger to society. *See* 18 U.S.C. § 3143(b)(1)(A). While the Court recognizes that Defendant has abided by his conditions of release up to this point, a conspicuous lack of remorse expressed during his allocution at sentencing raises questions that Defendant has not answered in his Motion. *See* Doc. 128-1; Doc. 148.

**DONE** and **ORDERED** in Orlando, Florida on March 22, 2024.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant